## Case No. 16,027.

UNITED STATES v. The PENNSYLVA-
NIA CANAL BOAT NOS.
68 AND 69.

[30 Leg. Int. 249; 18 Int. Rev. Rec. 56; 8 Am.
Law Rev. 162.] [1]

District Court, D. Maryland. July 12, 1873.

SHIPPING—TONNAGE DUES, ETC.

A canal boat is not a ship or vessel within
the meaning of the act of congress of February
18th, 1793 [1 Stat. 305].

In admiralty.

GILES, District Judge. This case is sub-
mitted to me on libel and answer. The libel
was filed for a decree for the sale of the said
canal boat to pay certain tonnage dues and
light money claimed to be due to the United
States by virtue of the 6th section of the act
of congress of 18th February, 1793. That sec-
tion provides, that, after the last day of May
next, every ship or vessel of twenty tons or
upwards (other than such as are registered)
found trading between district and district,
or between different places in the same dis-
trict, or carrying on the fishery, without be-
ing enrolled or licensed, or if less than twen-
ty tons, and not less than five tons, without
a license, in manner as is provided by this
act, such ship or vessel, if laden with goods
the growth or manufacture of the United
States only, (distilled spirits excepted,) or in
ballast, shall pay the same fees and tonnage
in every port of the United States at which
she may cruise, as ships or vessels not be-
longing to a citizen or citizens of the United
States, &c., &c. The answer states, that this
canal boat hath no motive power attached
thereto, hath no masts or sails, and is only
moved by some power external to itself. And
from a drawing filed in the case, it appears
that this boat hath no permanent deck, but
only a narrow plank running around inside
the bulwarks, just sufficient for a man to
walk on. The question is, is such a boat, a
ship or vessel within the true meaning of the
act of 1793? And I am of opinion that it is
not. The general provisions of that act in
reference to the enrollment or licensing of
vessels, showing what is requisite for such
enrollment, negatives the idea that congress
could have intended its provisions to have
embraced canal boats such as this. Nor does
the language of the act warrant such an in-
terpretation. Nor is the act of 1793 extend-
ed to include such boats by the provisions of
the act of July 20th, 1846 [9 Stat. 38]. That
act provides "that persons employed in navi-
gating canal boats without masts or steam
power, now by law required to be registered
and licensed, or enrolled and licensed, shall
not be required to pay any marine hospital
tax," &c., &c. It excepts from the payment
of such dues, persons navigating the canal

[1] [Reprinted from 30 Leg. Int. 249, by permis-
sion. 8 Am. Law Rev. 162, contains only a par-
tial report.]

boats therein described, if they were required
to be registered or enrolled, but does not enact
that such should be the case. It is at most,
only a legislative interpretation of the pro-
visions of the act of 1793. A boat navigated
by oars might still be bound to pay the
dues mentioned, so far as this law of 1846
extends. But in this case the canal boat has
no oars, no sails, and no steam power, and is
merely a box to carry goods, drawn by and
attached to a steam vessel that is enrolled
and licensed. When congress wished to in-
clude such a craft they used appropriate lan-
guage to do so. The act of July 18th, 1866
[14 Stat. 178], to prevent smuggling, provides,
"that for the purposes of this act, the term
'vessel,' whenever hereinafter used, shall be
held to include every description of water-
craft, raft vehicle, and contrivance used, or
capable of being used, as a means or auxili-
ary of transportation on or by water," &c.,
&c. In arriving at the conclusion I have, I
am gratified to know, that I am sustained by
a decision of the learned district judge of
the Eastern district of Pennsylvania, (Judge
Cadwalader), made last year in U. S. v. The
Ohio [Case No. 15,915]. I will therefore sign
a decree dismissing the libel filed in this case.